[Criminal No. 243.    Filed May 25, 1907.]

[90 Pac. 322.]

In the Matter of the Application of EDUARDO RAMIREZ for a Writ of Habeas Corpus.

1. HABEAS CORPUS—EXTRADITION—EVIDENCE—SUFFICIENCY—JURISDICTION.—Upon the hearing of proceedings for extradition, where there was no legal evidence to prove the commission of the crime charged, the judge of the district court, sitting as a United States commissioner, exceeded his jurisdiction in holding the petitioner for extradition.

HABEAS CORPUS proceedings by Eduardo Ramirez. Petitioner discharged.

Reversed. Opinion, 215 U. S. 398.

The necessary facts are stated in the opinion.

Selim M. Franklin, and Alberto Morales, for Petitioner.

J. L. B. Alexander, United States District Attorney, and Charles Blenman, Opposed.

PER CURIAM.—This matter is before us on a writ of *habeas corpus* and a writ of *certiorari*. The record shows that the judge of the district court, sitting as a commissioner under extradition proceedings, upon the hearing before him, held the evidence sufficient to sustain the charge; the further proceedings on extradition being suspended pending this application under the writ of *habeas corpus*.

"The settled rule is that the writ of *habeas corpus* cannot perform the office of a writ of error, and that, in extradition proceedings, if the committing magistrate has jurisdiction of the subject matter and of the accused, and the offense charged is within the terms of the treaty of extradition, and the magistrate, in arriving at a decision to hold the accused, has before him competent legal evidence on which to exercise his judgment as to whether the facts are sufficient to establish the criminality of the accused for the purposes of extradition, such decision cannot be reviewed on *habeas corpus*. *Ornelas* v. *Ruiz,* 161 U. S. 502, 508, 16 Sup. Ct. 689, 40 L. Ed. 787, and cases cited; *Bryant* v. *United States,* 167 U. S. 104, 17 Sup. Ct. 744, 42 L. Ed. 94. The statute in respect of extradition gives no right of review to be exercised by any court or judicial officer, and what cannot be done directly cannot be done indirectly through the writ of *habeas corpus*. The court issuing the writ may, however, 'inquire and adjudge whether the commissioner acquired jurisdiction of the matter, by conforming to the requirements of the treaty and the statute, whether he exceeded his jurisdiction, and whether he had any legal or competent evidence of facts before him, on which to exercise a judgment as to the criminality of the accused. But such court is not to inquire

whether the legal evidence of facts before the commissioner was sufficient or insufficient to warrant his conclusion': Blatchford, J., *In re Stupp,* 12 Blatchf. 501, Fed. Cas. No. 13,563; *Ornelas* v. *Ruiz,* 161 U. S. 508, 16 Sup. Ct. 689, 40 L. Ed. 787." *Terlinden* v. *Ames,* 184 U. S. 270, 22 Sup. Ct. 484, 46 L. Ed. 534.

We are of the opinion that the offense charged is within the terms of the treaty of extradition, that the committing magistrate had jurisdiction of the subject matter and of the accused, and that the complaint is sufficient. The evidence connecting the petitioner with the offense charged is not wholly satisfactory; but, assuming that there is sufficient evidence to connect the petitioner with the commission of the acts complained of and with the uttering or passing of the documents in question, we are, nevertheless, of the opinion that there is no competent, legal evidence of the fact of the forgery itself of the documents in question, upon which the commissioner might properly exercise his judgment as to whether the facts were sufficient to establish the criminality of the petitioner; and there having been no legal evidence before the commissioner, or before us, of facts tending to prove the commission of the offense charged, to wit, the crime of forgery, the judge of the district court exceeded his jurisdiction in holding the petitioner for extradition.

The petitioner will be discharged from custody, unless the authorities prosecuting the proceedings desire to take an appeal to the supreme court of the United States, in which case the petitioner will be remanded to the custody of the marshal, to be released upon his giving bail in the sum of $25,000, under the provisions of rule 34 of the supreme court of the United States. 6 Sup. Ct. iii.

SLOAN, J., not having heard the argument, did not participate; nor CAMPBELL, J., who sat as commissioner.